TIMOTHY EATON *vs.* DAVID H. CORSON.

*Equitable owner of promissory note—declaration of admissible.*

The payee of the negotiable promissory note in suit, indorsed and delivered it nearly three years after its maturity to her son, who sold and delivered it to the plaintiff.  The money for which the defendant gave the note was sent by the son to his mother.  The plaintiff offered evidence tending to prove that the money was the son's, and loaned as his to the defendant, the mother taking the note in her name, simply as his trustee, which the defendant denied, and offered evidence tending to prove that the son sent the money to his mother in part-payment for a place owned by her, which she was to convey to him when paid for; that the money was delivered to the defendant by her, to be allowed in redemption of the place on which she and her husband lived, but the title to which was in the defendant; that the note was to be given up when the defendant delivered the deed to her, which was subsequently done; that the note was duly reckoned and surrendered in the settlement, but accidentally or otherwise carried away among other papers.  The son was not called as a witness; but the defendant offered to prove his declarations made prior to his delivery of the note to the plaintiff that the note had been paid. *Held,* that the evidence was admissible.   ·

ON EXCEPTIONS.
The case is stated in the opinion.

*J. S. Abbott,* for the plaintiff.

*J. H. Webster,* for the defendant.

BARROWS, J. The plaintiff sues upon a note, dated Nov. 25, 1864, made payable on demand to Caroline Noyes, or order, and indorsed by the payee. It was proved that the note was sold and delivered to the plaintiff by Alonzo Noyes, a son of the payee, November 10, 1867. It appeared that the mother indorsed and delivered the note to Alonzo some time within three months next preceding the sale to the plaintiff. It appeared also, that the money, for which the note was given, was sent by Alonzo to his mother, and the plaintiff offered evidence, tending to prove that the money was Alonzo's when the defendant received it, and that it was lent to him as Alonzo's money. This the defendant denied, and offered evidence tending to show that Alonzo sent the money to his mother in part-payment for a place owned by the mother which she was to convey to him, when the agreed price should be fully paid; and that it was delivered to the defendant by her, to be allowed in the redemption of the farm on which she and her husband lived, the title to which was held by the defendant; and that defendant's note was to be given up when he delivered a deed of said farm to her, which was subsequently done; that this note was duly reckoned and surrendered in that settlement, but that George Noyes, the husband of the payee, by accident or design carried it away with certain notes of his own, which the defendant had held against him and then surrendered. Much conflicting evidence was offered by the parties upon this point. Alonzo Noyes was not called as a witness in the case, but the defendant offered to prove his declarations in 1866, and in June, 1867, that the note had been paid. The note was not indorsed by the payee to Alonzo, until after June, 1867, and the presiding judge excluded the evidence of their declarations.

In so doing he must have overlooked the fact that the plaintiff was proceeding upon the theory, that the money belonged to Alonzo Noyes, and was lent to the defendant as the money of Alonzo, and that the plaintiff had offered evidence to that effect. If such was the fact, Alonzo was the equitable owner of the note from its inception till he sold it to the plaintiff. He was the party, and ap-

parently the sole party, who had a beneficial interest in it,—that of the payee being merely nominal as his trustee. This being the case, his admissions with regard to the fact of payment, made during the time when he had such subsisting interest, would be competent evidence. The plaintiff having taken this note nearly three years after it was due, took it subject to any and all defenses which the maker might then have set up against any prior holder. The plaintiff could acquire by his purchase of this dishonored note, Nov. 10, 1867, no claim which his vendor could not then enforce. The verbal admission of Alonzo Noyes, that the note had been paid, would be competent evidence in defense of any suit brought by him or by the original payee, if in fact (as the plaintiff asserts) she was throughout only the trustee of Alonzo. It is the fact, that the admission was against the interest of the party making it which constitutes the true test of its admissibility in such cases.

If the plaintiff's position, that the money was lent to the defendant as Alonzo's money, was correct, then Alonzo's interest in the note accrued when it was first given, and any receipt which he might give, or any verbal admission of payment which he might make, prior to the time of his transfer to the plaintiff, would be competent evidence in a suit against the maker by his vendee.

Nor does the defendant's denial of Alonzo's interest preclude him from presenting this testimony.

He may rightfully meet the case which the plaintiff makes against him, by any testimony which would be competent if the plaintiff's view of the controverted fact be adopted, and may lawfully rely upon such testimony if his own position fails.

*Exceptions sustained.*
*New trial granted.*

APPLETON, C. J.; CUTTING, KENT, DANFORTH, and TAPLEY, JJ., concurred.